UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert A. Cano, | ) C/A No. 8:10-2400-JFA-BHH |
| Plaintiff, | ) |
| vs. | ) **Report and Recommendation** |
| Commissioner of Social Security Administration, | ) |
| Defendant. | ) |

## *Background of this Case*

This is a civil action filed by a *pro se* plaintiff concerning Social Security or SSI benefits. Under Local Rule 73.02(B)(2), pretrial proceedings in this action have been referred to the undersigned United States Magistrate Judge. In an order filed in this case on September 15, 2010, the undersigned granted the plaintiff's motion to proceed *in forma pauperis* and directed the plaintiff to answer Special Interrogatories. The plaintiff has done so. Hence, the above-captioned case is now "in proper form."

The plaintiff's Answers to Court's Special Interrogatories reveal that the plaintiff on May 5, 2010, filed an application for disability insurance benefits and/or Supplemental Security Income (SSI). The plaintiff indicates that the Social Security Administration denied the application. Thereafter, the plaintiff filed a Request for Reconsideration. The Social Security Administration denied the application on reconsideration.

1

In his responses to Questions 5 and 6, the plaintiff reveals that he did not file a Request for Hearing by Administrative Law Judge; hence, no hearing has been held on the plaintiff's application. In his responses to both Question 5 and 6, the plaintiff writes: "Please note the reasons why on my statement of claim file [*sic*] with this court."

*Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings under 28 U.S.C. § 1915. The review[1] has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[2] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] *Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989) (insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). A litigant must plead factual content that allows the court to draw the reasonable inference that the defendant or respondent is plausibly liable, not merely possibly liable. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Even under this less stringent standard, the complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition or complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's or petitioner's legal arguments for him or her, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

The plaintiff's Answers to the Court's Special Interroatories (Entry No. 10) reveal that the plaintiff has not administratively challenged the termination of his Social Security or SSI benefits or the denial of his application filed on May 5, 2010. It is well-settled that because of administrative *res judicata*, a district court may not review earlier administrative decisions where the plaintiff has failed to pursue available administrative remedies. *See, e.g., Cleaton*

*v. Secretary of Health and Human Services*, 815 F.2d 295, 297-301 (4th Cir. 1987); and *McGowen v. Harris*, 666 F.2d 60, 65-69 (4th Cir. 1981).

The Social Security Act provides for judicial review of adverse decisions rendered by the Social Security Administration. See 42 U.S.C. § 405(g); and 42 U.S.C. § 416(g).[3] More than three decades ago, the Supreme Court of the United States enumerated three (3) requirements for judicial review:

> Section 405(g) specifies the following requirements for judicial review: (1) a final decision of the Secretary made after a hearing; (2) commencement of a civil action within 60 days after the mailing of notice of such decision (or within such further time as the Secretary may allow); and (3) filing of the action in an appropriate district court, in general that of the plaintiff's residence or principal place of business. The second and third of these requirements specify, respectively, a statute of limitations and appropriate venue.

*Weinberger v. Salfi*, 422 U.S. 749, 763-64 (1975).

The Supreme Court noted that the second and third requirements were waivable by parties. *Id.* The first requirement, *i.e.*, a final decision of the Commissioner *made after a hearing*, was not listed or categorized as being waivable, unlike the statute of limitations and venue. 422 U.S. at 764. Significantly, the Supreme Court held that the first requirement was mandatory:

> We interpret the first requirement, however, to be central to the requisite grant of subject matter jurisdiction—the statute empowers district courts to review a particular type of decision by

---

[3]Pursuant to an amendment to the Social Security Act in 1994, the Commissioner of Social Security replaced the Secretary of Health and Human Services as the defendant in Social Security appeals. *See* 42 U.S.C. § 405(b); 42 U.S.C. § 405(g); and *Rams v. Chater*, 989 F. Supp. 309, 313 (D. Mass. 1997). Prior to the establishment of the Department of Health and Human Services, the Social Security Administration was part of the Department of Health, Education, and Welfare. *Weinberger v. Salfi*, 422 U.S. 749, 763-764 (1975).

>     the Secretary, that type being those which are "final" and "made
>     after a hearing."

422 U.S. at 764.

The usual procedure for a claimant challenging the termination or denial of Social Security benefits or a claimant seeking reinstatement of benefits is the filing of an application (usually a Form SSA-16) with the local Social Security Office. If the initial determination is not favorable to a claimant, he or she may file a Request for Reconsideration (a Form SSA-561-U2). If the determination on reconsideration is unfavorable, he or she can file a "REQUEST FOR HEARING BY ADMINISTRATIVE LAW JUDGE" (a Form HA-501-U5).

If a hearing is held before an Administrative Law Judge (ALJ), the ALJ will issue a written decision. If the ALJ's decision is not favorable to the claimant, the claimant can seek review by the Appeals Council. This is usually done by the filing of a Form HA-520-U5 ("REQUEST FOR REVIEW OF HEARING DECISION/ORDER"). Once the Appeals Council has issued its decision, a claimant has sixty (60) days to file a complaint in the United States District Court for the judicial district in which the claimant resides.

Since there is no indication that the plaintiff has availed himself of the aforementioned administrative remedies, this court lacks subject matter jurisdiction because no "final decision made after a hearing" was rendered. Under *Weinberger v. Salfi*, the court should dismiss this action. The plaintiff's allegations of discrimination, *see* Complaint at page 4, do not excuse his failure to exhaust his administrative remedies before the Commissioner of Social Security.

Even if this case is treated as a *Bivens* action,[4] a *Bivens* action may not be brought against agencies of the United States. *FDIC v. Meyer*, 510 U.S. 471, 486 (1994) (declining to extend *Bivens* remedy to federal agencies). Secondly, even if this case is treated as one brought under the Federal Tort Claims Act (FTCA), the Social Security Administration is entitled to summary dismissal on the basis of sovereign immunity. A suit under the Federal Tort Claims Act lies only against the United States, and a federal district court lacks subject-matter jurisdiction over claims asserted against federal agencies or individual federal employees. *See Myers and Myers, Inc. v. United States Postal Service*, 527 F.2d 1252, 1256 (2nd Cir. 1975).[5] Additionally, an administrative claim must first be filed with the appropriate federal agency before commencement of a civil action in a district court under the Federal Tort Claims Act. *See* 28 C.F.R. § 14.2; the Standard Form 95; and 28 U.S.C. § 2401(b) (a tort claim "shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues").

### *Recommendation*

Accordingly, it is recommended that the District Court summarily dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See* 28 U.S.C. § 1915; and *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-64 (2nd

---

[4]*Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971).

[5]The Federal Tort Claims Act (FTCA) waives the sovereign immunity of the United States in certain situations. Litigants must strictly comply with the requirements of the FTCA. *See* 28 U.S.C. § 2675; and *United States v. Kubrick*, 444 U.S. 111, 117-18 (1979).

Cir. 2000) ("District courts . . . are . . . capable of determining when an action is frivolous. Indeed, as courts of first instance, district courts are especially likely to be exposed to frivolous actions, and thus have an even greater need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources."). The plaintiff's attention is directed to the important Notice on the next page.

                                                                s/Bruce Howe Hendricks
                                                                United States Magistrate Judge

September 21, 2010
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk of Court**
> **United States District Court**
> **300 East Washington Street — Suite 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).